IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DONNA HAMBLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | 1:18cv103 |
| | ) | |
| Defendant. | ) | |
| _____ | ) _____ | |
| | ) | |
| DEPT. OF JUSTICE, et al., | ) | 1:18cv172 |
| | ) | |
| Defendants. | ) | |
| _____ | ) _____ | |
| | ) | |
| LIST UNKNOWN TO SELF OF TRUSTEES, et al., | ) | 1:18cv174 |
| | ) | |
| Defendants. | ) | |
| _____ | ) _____ | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | 1:18cv175 |
| | ) | |
| Defendant. | ) | |
| _____ | ) _____ | |
| | ) | |
| CLARA LUCILLE CROUSE, et al., | ) | 1:18cv176 |
| | ) | |
| Defendants. | ) | |
| _____ | ) _____ | |

| | | |
|---|---|---|
| SUSAN FRYE, et al., | ) | 1:18cv177 |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DAYMARK STAFF AND MD, et al., | ) | 1:18cv178 |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HAROLD EDWIN HAMBLEN, et al., | ) | 1:18cv179 |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge in regard to Plaintiff Donna Hamblen's eight pro se Complaints against various defendants. Plaintiff did not submit a filing fee or an application to proceed <u>in forma pauperis</u> with any of the Complaints. For the reasons that follow, the undersigned will recommend filing and dismissal of the Complaints, and additionally will warn Plaintiff that further frivolous filings shall result in the imposition of a prefiling injunction.

"As explained by the [United States] Supreme Court, the substantiality doctrine forbids the federal district courts from exercising subject matter jurisdiction over claims that are attenuated and insubstantial, absolutely devoid of merit, <u>obviously frivolous</u>, or no longer open to discussion." <u>Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.</u>, 521 F. App'x 278, 289 (4th

Cir. 2013) (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)) (emphasis added). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). Notably, complaints presenting claims that "are essentially fictitious," including those alleging "'bizarre conspiracy theories,'" also merit dismissal under the substantiality doctrine. Newby v. Obama, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)); see also O'Brien v. United States Dep't

of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995) ("On their face, Plaintiff's allegations are so bizarre and delusional that they are wholly insubstantial and cannot invoke this Court's jurisdiction."). In considering such matters, the Court may "apply common sense." Nasim, 64 F.3d at 954.

Although pro se filings are "to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976), "[t]he liberal construction which [courts] are obliged to afford a pro se complaint is not without bounds," Stratton, 521 F. App'x at 290. "Admittedly, pro se complaints represent the work of an untutored hand requiring special judicial solicitude. Nevertheless, they may present obscure or extravagant claims defying the most concerted efforts to unravel them. . . . [J]udges are not mind readers, and the principle of liberal construction does not require them to conjure up questions never presented to them . . . [or to] construct full-blown claims from sentence fragments." Id. at 290-91 (internal citations and quotation marks omitted).

Plaintiff filed a complaint with this Court on a prior occasion, and the undersigned recommended dismissal for frivolousness on the grounds that the allegations within it qualified as "bizarre and incomprehensible" and "fanciful and delusional." See Hamblen v. Berryhill, No. 1:17-cv-903, Docket Entry 5 at 3, 4 (M.D.N.C. Oct. 20, 2017), recommendation adopted, Docket Entry 11 (M.D.N.C. Nov. 30, 2017). The Complaints in this

-4-

Case 1:18-cv-00176-LCB-LPA   Document 3   Filed 04/20/18   Page 4 of 6

of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995) ("On their face, Plaintiff's allegations are so bizarre and delusional that they are wholly insubstantial and cannot invoke this Court's jurisdiction."). In considering such matters, the Court may "apply common sense." Nasim, 64 F.3d at 954.

Although pro se filings are "to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976), "[t]he liberal construction which [courts] are obliged to afford a pro se complaint is not without bounds," Stratton, 521 F. App'x at 290. "Admittedly, pro se complaints represent the work of an untutored hand requiring special judicial solicitude. Nevertheless, they may present obscure or extravagant claims defying the most concerted efforts to unravel them. . . . [J]udges are not mind readers, and the principle of liberal construction does not require them to conjure up questions never presented to them . . . [or to] construct full-blown claims from sentence fragments." Id. at 290-91 (internal citations and quotation marks omitted).

Plaintiff filed a complaint with this Court on a prior occasion, and the undersigned recommended dismissal for frivolousness on the grounds that the allegations within it qualified as "bizarre and incomprehensible" and "fanciful and delusional." See Hamblen v. Berryhill, No. 1:17-cv-903, Docket Entry 5 at 3, 4 (M.D.N.C. Oct. 20, 2017), recommendation adopted, Docket Entry 11 (M.D.N.C. Nov. 30, 2017). The Complaints in this

-4-

Case 1:18-cv-00176-LCB-LPA   Document 3   Filed 04/20/18   Page 4 of 6

case similarly lack substance. For example, one Complaint asks for restoration of Social Security benefits, but provides only indecipherable writings in support. See Hamblen v. Social Sec. Admin., No. 1:18-cv-175, Docket Entry 1 at 5 (M.D.N.C. Mar. 6, 2018) ("A Motion also to Restore SSA Benefits, as The Federal Material Witness, Plaintiff in Requests for the Witness Protection Program . . . .").[1] Another Complaint "Petition[s] the Court, to Reinstate or create new Health Insurance from the Estates of the Family of one or more Insurances as Owner of the same, as sole survivor of the Estates, and as of Request to the USA Dept of Justice in 2012, 2013 . . . ." Hamblen v. Dept. of Justice, No. 1:18-cv-172, Docket Entry 1 at 2 (M.D.N.C. Mar. 6, 2018). Even construing the Complaints liberally, the Court could not "construct full-blown claims" from their contents. Stratton, 521 F. App'x at 291.

Moreover, to the extent the Court could discern Plaintiff's factual allegations, they remain fanciful and delusional, making inscrutable references to presidents and law enforcement agencies. For instance, in one Complaint, under the heading "Jr High 1970-1972," Plaintiff mentions "Langley I.Q. tests included & JFK visit classified[,] Fed. 'Witness' to Hal's murder & 'Nana-Irene' murder[.]" Hamblen v. Frye, No. 1:18-cv-177, Docket Entry 1 at 2

---

[1] Citations to Docket Entry pages utilize the CM/ECF footer's pagination. Nonstandard grammar, spelling, and word usage appear here as in the original text.

(M.D.N.C. Mar. 6, 2018). The Complaint goes on to allege that "Monarch & Empowering Lives are Rogue Subsidy Corporations of —-. They are supposed to be CIA front org. for Psy & L. Enf. in Business." (Id. at 14.) In a separate action, Plaintiff names "Unknown White House Staff of 41[,] . . . 42[,] . . . 43[,] . . . 44[,] . . . [and] 45" as parties, implying that staffers in the past five presidential administrations bear some relation to the claims in the Complaint. See Hamblen v. Dept. of Justice, Docket Entry 1 at 3-4. These statements constitute "clearly fictitious factual claims," Stratton, 521 F. App'x at 289, best described as "bizarre and delusional," O'Brien, 927 F. Supp. at 385.

In sum, Plaintiff's Complaints qualify as frivolous and insubstantial. Plaintiff's filing of any further frivolous submissions shall result in the imposition of a prefiling injunction, which would require her to obtain the Court's permission before filing materials in the future.

**IT IS THEREFORE RECOMMENDED** that these actions be dismissed as frivolous.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 20, 2018